JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LISA MILLER AND R. CHRISTOPHER MILLER AND SHANE EAGAR

## DEFENDANTS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff    Frederick
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    McLean
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dale G. Larrimore, Larrimore & Farnish, LLP, 1801 Market Street, Suite 1100, Philadelphia, PA  19103 - (215) 209-8501

Attorneys *(If Known)*
Katherine Cole Douglas, Bennett, Bricklin & Saltzburg LLC, Centre Suare, West Tower, 1500 Market Street, 32nd Floor, Philadelphia, PA 19102 - (215) 561-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 1441 & 1446

Brief description of cause:
Breach of contract and bad faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
More than $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| | |
|---|---|
| DATE | SIGNATURE OF ATTORNEY OF RECORD |
| 12/27/2022 | */s/ Katherine Cole Douglas* |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___8435 Myersville Road, Middletown, MD and 418 E. Lanvale Street, Baltimore, MD___

Address of Defendant: ___One State Farm Plaza, Bloomington, IL 61710___

Place of Accident, Incident or Transaction: ___Southbound 6th Street, Philadelphia, Pennsylvania___

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/27/2022__     */s/ Katherine Cole Douglas*     __58913__

Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # *(if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     *Sign here if applicable* _____     _____

Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # *(if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA MILLER, R. CHRISTOPHER MILLER, SHANE EAGAR | : |
| | : |
| | : |
| v. | :   NO: |
| | : |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : |
| | : |
| | : |

## NOTICE OF REMOVAL FROM STATE COURT

AND NOW, comes the Defendant, State Farm Mutual Automobile Insurance Company, ("State Farm"), for the purpose of filing a notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

1.      Plaintiffs, Lisa Miller, R. Christopher Miller and Shane Eager ("Plaintiffs") initiated this action by filing a Complaint on November 21, 2022, in the Court of Common Pleas of Philadelphia County, Pennsylvania at Case No. 221102016. A copy of the Complaint is attached hereto as **Exhibit 1**.

2.      Plaintiffs served the Complaint upon State Farm on November 28, 2022.

3.      This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days of service of the Complaint.

4.      State Farm is now, and was at the time Plaintiffs commenced this civil action, a mutual insurance company organized under the laws of the State of Illinois with its principal place of business located at One State Farm Plaza, Bloomington, McLean County, Illinois 61710 and therefore, is a citizen of Illinois for purposes of determining diversity under 28 U.S.C. §1332(c)(1).

5.    Plaintiff Lisa Miller was at the time of filing of this suit and is now a citizen of the State of Maryland.

6.    Plaintiff R. Christopher Miller was at the time of filing of this suit and is now a citizen of the State of Maryland.

7.    Plaintiff Shane Eager was at the time of filing of this suit and is now a citizen of the State of Maryland.

8.    Count I of the Complaint seeks uninsured motorist benefits on behalf of Plaintiff Lisa Miller, as a result of injuries that she suffered in a January 8, 2022 motor vehicle accident (the "accident").

9.    Count II of the Complaint seeks a recovery on behalf of Plaintiff R. Christopher Miller for loss of consortium related to injuries suffered by Lisa Miller in the accident. Id.

10.    Count III of the Complaint seeks uninsured motorist benefits on behalf of Plaintiff Shane Eagar, as a result of injuries that he suffered in the accident. Id.

11.    The amount in controversy in this matter is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, in that Plaintiffs allege in their Complaint:

(a)    That Plaintiff Lisa Miller suffered severe and permanent injuries to her left shoulder, including but not limited to "a full thickness tear", in addition to a concussion and injury to her left thumb; Id., paragraphs 25-26.

(b)    That Plaintiff Shane Eagar suffered severe and permanent injuries to his back, including but not limited to "a herniated lumbar disc at L5-S1 with radiculopathy, as well as other serious muscular and nerve injuries to his lower extremities"; Id., paragraph 46.

(c)    That the accident was the fault of an uninsured motorist, thus entitling Plaintiffs Lisa Miller and Shane Eagar to each recover up to $250,000 in uninsured motorist benefits under the policy with State Farm; Id., paragraphs 33, 55, and declarations page contained with Exhibit A to the Complaint.

See, Exhibit 1.

12.    This is a suit of a civil nature and involves a controversy between citizens of different states.

13.    Defendant State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446(b).

14.    The averments made herein are true and correct with respect to the date upon which the complaint was filed and continuously through the date upon which this Notice is being filed.

15.    Defendant is simultaneously with the filing of this Notice giving written notice to the Plaintiffs through their attorney.

16.    Defendant is filing a copy of the instant Notice of Removal, and all attachments thereto, with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, the Defendant, State Farm Mutual Automobile Insurance Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**    */s/ Katherine Cole Douglas*
**KATHERINE COLE DOUGLAS**
**Attorney I.D. No. 58913**
**Centre Square, West Tower**
**1500 Market Street, 32nd Floor**
**Philadelphia, PA 19102**
**P: (215) 561-4300 / F: (215) 561- 6661**
douglas@bbs-law.com
**Attorney for Defendant**
**State Farm Mutual Automobile Insurance**
**Company**

Date:    December 27, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA MILLER, R. CHRISTOPHER MILLER, SHANE EAGAR | : |
| | : |
| | : |
| v. | : NO: |
| | : |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : |
| | : |
| | : |

## NOTICE TO PLAINTIFFS

TO:    Lisa Miller, R. Christopher Miller and Shane Eager
c/o Dale G. Larrimore, Esquire
Larrimore & Farnish, L.L.P.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Please take notice that defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, at Case No. 221102016, captioned Lisa Miller, R. Christopher Miller and Shane Eagar v. State Farm Mutual Automobile Insurance Company.

                    **BENNETT, BRICKLIN & SALTZBURG LLC**


       **BY:**    */s/ Katherine Cole Douglas*
                **KATHERINE COLE DOUGLAS, ESQUIRE**
                **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA MILLER, R. CHRISTOPHER MILLER, SHANE EAGAR | : |
| | : |
| | : |
| v. | : NO: |
| | : |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : |
| | : |
| | : |

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA          :

COUNTY OF PHILADELPHIA                              :

     Katherine Cole Douglas, Esquire, being duly sworn according to law, deposes and says that she is a member at the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Mutual Automobile Insurance Company, and that she did direct the filing with the Prothonotary of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on December 27, 2022, by electronic filing.

Date:  <u>December 27, 2022</u>          **BENNETT, BRICKLIN & SALTZBURG LLC**

                         **BY:**   */s/ Katherine Cole Douglas*
                              **KATHERINE COLE DOUGLAS, ESQUIRE**
                              **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA MILLER, R. CHRISTOPHER MILLER, SHANE EAGAR | : |
| | : |
| | : |
| v. | : NO: |
| | : |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : |
| | : |
| | : |

COMMONWEALTH OF PENNSYLVANIA     :
                                                            §
COUNTY OF PHILADELPHIA                    :

Katherine Cole Douglas, Esquire, after being first duly sworn upon oath, deposes and says that she is a member at the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the Defendant, State Farm Mutual Automobile Insurance Company, that she did serve this 27th day of December, 2022, the aforementioned Notice to Plaintiffs upon the individual named below by electronic mail to:

TO:    Lisa Miller, R. Christopher Miller and Shane Eager
          c/o Dale G. Larrimore, Esquire
          Larrimore & Farnish, L.L.P.
          1801 Market Street, Suite 1100
          Philadelphia, PA 19103

Date:   December 27, 2022          **BENNETT, BRICKLIN & SALTZBURG LLC**

                                              **BY:**    */s/ Katherine Cole Douglas*
                                                          **KATHERINE COLE DOUGLAS, ESQUIRE**
                                                          **Attorney for Defendant**

# Exhibit 1

11/28/2022

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>**NOVEMBER 2022**　　**002016**<br>F-Filing Number: 2211041726 |
|---|---|

| PLAINTIFF'S NAME<br>LISA MILLER | DEFENDANT'S NAME<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
|---|---|
| PLAINTIFF'S ADDRESS<br>8435 MYERSVILLE ROAD<br>MIDDLETOWN MD 21769 | DEFENDANT'S ADDRESS<br>PO BOX 106171<br>ATLANTA GA 30348 |
| PLAINTIFF'S NAME<br>R. CHRISTOPHER. MILLER | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>8435 MYERSVILLE ROAD<br>MIDDLETOWN MD 21769 | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME<br>SHANE EAGAR | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>418 E. LANVALE STREET<br>BALTIMORE MD 21202 | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>3 | TOTAL NUMBER OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION<br>[X] Complaint　　[ ] Petition Action　　[ ] Notice of Appeal<br>[ ] Writ of Summons　　[ ] Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>[ ] $50,000.00 or less<br>[X] More than $50,000.00 | COURT PROGRAMS<br>[ ] Arbitration　　[ ] Mass Tort　　[ ] Commerce　　[ ] Settlement<br>[ ] Jury　　[ ] Savings Action　　[ ] Minor Court Appeal　　[ ] Minors<br>[X] Non-Jury　　[ ] Petition　　[ ] Statutory Appeals　　[ ] W/D/Survival<br>[ ] Other: |
|---|---|

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>NOV **21** 2022<br>**E. HAURIN** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES　　NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LISA MILLER , R. CHRISTOPHER MILLER , SHANE EAGAR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DALE G. LARRIMORE | ADDRESS<br>LARRIMORE & FARNISH, L.L.P.<br>1801 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)209-8501 | FAX NUMBER<br>(215)209-8510 | |
| SUPREME COURT IDENTIFICATION NO.<br>23243 | E-MAIL ADDRESS<br>dale.larrimore@gmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>DALE LARRIMORE | DATE SUBMITTED<br>Monday, November 21, 2022, 11:20 am |

FINAL COPY (Approved by the Prothonotary Clerk)

11/28/2022

LARRIMORE & FARNISH, L.L.P.
BY: Dale G. Larrimore
I.D. NO: 23243
1801 MARKET STREET, SUITE 1100
PHILADELPHIA PA 19103
(215) 209-8501

Filed and Attested by the
Office of Judicial Records
21 NOV 2022 11:20 am
E. HAURIN
Attorney for Plaintiffs

| | |
|---|---|
| LISA MILLER and R. CHRISTOPHER MILLER<br>8435 Myersville Road<br>Middletown, MD 21769<br>and<br><br>SHANE EAGAR<br>418 E. Lanvale Street<br>Baltimore, MD 21202<br>　　　　Plaintiffs<br>　　vs.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>P. O. Box 106171<br>Atlanta, GA 30348<br>　　　　Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>NO:<br><br>CIVIL ACTION -- LAW |

## CIVIL ACTION COMPLAINT
(1C. Contract)
(Uninsured Motorist Benefits Arising out of Motor Vehicle Accident)

### "NOTICE"

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you."

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

**LAWYER REFERENCE SERVICE**
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

### "AVISO"

"Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fedcha de la demanda y la notificatioíon. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted."

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

**SERVICIO DE REFERENCIA LEGAL**
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

Case ID: 221102016

11/28/2022

## CIVIL ACTION COMPLAINT

And now, comes the Plaintiffs Lisa Miller, R. Christopher Miller and Shane Eagar, by and through their attorneys Larrimore & Farnish, LLP and hereby aver as follows:

1.  Plaintiffs **LISA MILLER** and **R. CHRISTOPHER MILLER** reside at 8435 Myersville Road, Middletown, MD 21769.

2.  Plaintiff **SHANE EAGAR** resides at 418 E. Lanvale Street, Baltimore, MD 21202.

3.  Plaintiffs Lisa Miller and Shane Eagar were occupants of an 2019 Tesla Model 3 automobile that was involved in a collision on January 8, 2020 at the intersection of 6th and Arch Streets, in Philadelphia, Pennsylvania.

4.  Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "State Farm") is an Illinois corporation licensed to transact insurance business in the Commonwealth of Pennsylvania, with its headquarters office located at One State Farm Plaza, Bloomington, IL 61710, and with the claims office for plaintiffs' claims located at P. O. Box 106171, Atlanta, GA 30348.

5.  At all times relevant hereto, the defendant State Farm was transacting insurance business in, and regularly conducting business in, Philadelphia County, Pennsylvania.

6.  Venue for this litigation is proper in the First Judicial District of Pennsylvania pursuant to Rules 1006(a)(1), 2179(a)(2) and 2179(a)(4) of the Pennsylvania Rules of Civil Procedure in that the defendant State Farm regularly conducts business in Philadelphia and the occurrence out of which this cause of action arose took place in Philadelphia on January 8, 2020.

7.  The 2019 Tesla Model 3 motor vehicle occupied by plaintiffs Lisa Miller and Shane Eagar on January 8, 2020, was insured by State Farm.

8.  On January 8, 2020, the plaintiffs Lisa Miller and R. Christopher Miller were the owners of the 2019 Tesla Model 3 automobile that was being operated by Lisa Miller in the City and County of Philadelphia.

Case ID: 221102016

11/28/2022

9.    At or about 10:38 AM on January 8, 2020, plaintiff Lisa Miller was operating the aforesaid vehicle in a southbound direction on 6th Street in Philadelphia, Pennsylvania, intending to turn right onto Arch Street.

10.    At the time aforesaid, plaintiff Shane Eagar was a passenger in the aforesaid vehicle.

11.    At the date and time aforesaid, plaintiff Lisa Miller was stopped on 6th Street, yielding the right of way to pedestrians who were lawfully crossing Arch Street within the crosswalk at that intersection.

12.    While stopped at the intersection, the vehicle being operated by plaintiff Lisa Miller was struck violently in the rear by a 2015 Acura TLX vehicle owned and operated by Jose Figueroa of Philadelphia, Pennsylvania.

13.    The aforesaid crash resulted solely from the negligence of Jose Figueroa and was in no manner whatsoever due to any act or failure to act on the part of the plaintiff.

14.    On January 8, 2020, the State Farm insurance policy covering the aforesaid 2019 Tesla Model 3 automobile owned by plaintiffs Lisa Miller and R. Christopher Miller was State Farm policy number 402 2228-E04-20, and said policy provided Uninsured Motorist Coverage for motor vehicle accidents.

15.    When the plaintiffs Lisa Miller and R. Christopher Miller purchased the aforesaid State Farm policy, they purchased Uninsured Motorist coverage for bodily injury an "insured" would be legally entitled to recover from the owner or driver of an uninsured motor vehicle who caused bodily injury sustained by an insured. The Insuring Agreement provides as follows:

*Insuring Agreement*
*We will pay compensatory damages for bodily injury ... an **insured** is legally entitled to recover from the owner or driver of an uninsured motor vehicle. The bodily injury must be sustained by an insured [and] ... must be caused by an accident arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle.*

See page 13 of the State Farm Car Policy Booklet attached hereto as part of Exhibit A.

-2-

11/28/2022

16. The State Farm insurance policy purchased by plaintiffs Lisa Miller and R. Christopher Miller included Uninsured Motorist Coverage with limits of $250,000 per person for compensatory damages an insured would be legally entitled to recover from the owner or driver of an uninsured motor vehicle who caused such bodily injury resulting from the operation of an uninsured motor vehicle. See page 3 of 4 of the Declarations Pages of Policy Number 402 2228-E04-20 attached hereto as part of Exhibit A.

17. After this accident, Jose Figueroa indicated that his 2015 Acura TLX was insured with State Farm. See Exhibit B attached, with a copy of the proof of insurance provided by the negligent tortfeasor, along with photos of the plaintiffs' vehicle, taken at the scene of this crash, showing some of the damage caused by the violent collision.

18. After investigating this matter, State Farm determined that Jose Figueroa's policy was out of force on the date of this accident and it denied any and all coverage to him for this crash. See January 28, 2020 letter from State Farm, attached hereto as Exhibit C.

19. Pursuant to the language of the State Farm Insurance policy purchased by plaintiffs Lisa Miller and R. Christopher Miller, an "uninsured motor vehicle" includes a vehicle where the "ownership, maintenance or use of which is not insured . . . at the time of the accident" or where "the insuring company denies that its policy provides liability coverage for compensatory damages that result from the accident." See Additional Definitions language in State Farm policy, Exhibit A attached, at page 13.

20. Pursuant to Uninsured Motor Vehicle Coverage policy language in the State Farm insurance policy purchased by plaintiffs Lisa Miller and R. Christopher Miller, an "insured" means not only the named insured but also "any other person" who sustains bodily injury while occupying the insured vehicle. See Additional Definitions language, Exhibit A attached, at page 12 and additional language on page 15 of said policy.

-3-

Case ID: 221102016

11/28/2022

21.   Pursuant to the above facts and the State Farm insurance policy language, the

plaintiffs Lisa Miller and Shane Eagar are entitled to compensatory damages from State Farm for

the bodily injuries they sustained in the January 8, 2020 vehicle crash in Philadelphia,

Pennsylvania caused by the negligence of Jose Figueroa.

22.   The negligence and carelessness of Jose Figueroa at the date and time aforesaid

consisted of the following:

22.1   Failing to have his vehicle under proper control such that it would not crash into another vehicle that was lawfully stopped in the road ahead of his vehicle;

22.2   Failing to brake for traffic stopped in the road ahead of his vehicle and running into the rear of the vehicle in front of his vehicle;

22.3   Following another vehicle too closely and violating the assured clear distance ahead rule, in violation of Section 3361 of the Vehicle Code of Pennsylvania, 75 Pa.C.S. §3361;

22.4   Operating an automobile in careless disregard for the safety of persons and property, constituting careless driving in violation of Section 3714 of the Vehicle Code, 75 Pa.C.S. §3714;

22.5   Failing to recognize and adhere to the right-of-way rules on approaching an intersection in violation of 67 Pa.Code §211.1;

22.6   Violating one of the most basic rules of the road by not being observant of the road ahead of his vehicle, and not stopping before colliding with another motorist who was stopped in the road in front of his vehicle. See *Martin v. Borough of Moscow*, 346 Pa. 475, 477, 31 A.2d 124, 125 (1943);

22.7   Failing to maintain "unremitting vigilance at the wheel" and failing to keep a proper lookout of the road on which he was traveling. See *Kmetz v. Lochiatto*, 421 Pa. 363, 366 (1966) and *Lavely v. Wolota*, 253 Pa.Super. 196, 202 (1978);

22.8   Operating his vehicle without due regard for the rights, safety and position of the plaintiffs and other motorists at the time aforesaid;

22.9   Operating his vehicle at a speed greater than was reasonable and prudent under the conditions then and there existing, and at a speed greater than would allow him to bring his automobile to a stop under the conditions existing at that time on approaching an intersection on a busy urban roadway in Philadelphia; in violation of Section 3361 of the Vehicle Code, 75 Pa.C.S. §3361;

-4-

11/28/2022

22.10   Failing to be properly observant of the roadway, traffic conditions and pedestrians in the intersection in front of his vehicle as aforesaid;

22.11   Failing to stop his vehicle without rear-ending another vehicle stopped in the roadway ahead; and

22.12   Violating another of the most basic rules of the road by allowing his vehicle to crash into another vehicle, that was lawfully stopped on the roadway.

23.   Solely by reason of the aforesaid January 8, 2020 vehicle crash, plaintiffs Lisa Miller and Shane Eagar sustained serious bodily injuries, some or all of which are of a permanent nature, and all of which have resulted in pain, suffering, anxiety, and other harms and losses for which they would have been legally entitled to recover compensation from Jose Figueroa, the driver of the uninsured vehicle that struck the Miller vehicle.

### FIRST COUNT
### LISA MILLER VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

24.   Plaintiff Lisa Miller incorporates herein by reference the averments contained in the above paragraphs as though the same were herein set forth in full.

25.   Solely as a result of the negligence and carelessness of Jose Figueroa, the uninsured tortfeasor, plaintiff Lisa Miller sustained a concussion and a serious injury to her left shoulder, and an injury to her left thumb, as well as other injuries to various parts of her body as are reflected in the medical records provided to the defendant reflecting the injuries and treatment received by this plaintiff as a result of this crash.

26.   The injuries sustained by Lisa Miller include, but are not limited to, a re-injury to the rotator cuff in her left shoulder, an aggravation of the condition in her shoulder, specifically a full thickness tear that "ripped through" a previous surgical repair of that same part of her body, and an impingement syndrome, which said injuries necessitated an operation on her shoulder on March 2, 2020 in an attempt to repair these problems.

-5-

11/28/2022

27.    As a further result of the aforesaid, Lisa Miller suffered a serious impairment of her ability to engage in normal daily activities and a significant limitation in the normal functioning of her body and its physical motions, for which she is entitled to recover.

28.    As a further result of the aforesaid, Lisa Miller has been obliged to receive and undergo medical attention and care and has had to incur various expenses in an attempt to cure said injuries, and she may be forced to continue to incur such expenditures for an indefinite period of time in the future, including possibly another operative procedure in an attempt to allow her to possibly recover from the injuries sustained in this January 8, 2020 motor vehicle crash.

29.    In spite of extensive physical therapy, in person and then at home when interrupted by COVID-19, Lisa Miller never fully recovered, as she developed adhesive capsulitis and she continues to suffer from the impingement syndrome in her shoulder, as well as an injury to her thumb on her left hand from the impact with the steering wheel or airbag during the collision.

30.    As a further result of the aforesaid, Lisa Miller suffered severe physical pain, mental anguish, humiliation and loss of enjoyment of life, and she may continue to suffer same for an indefinite period of time in the future.

31.    As a further result of the aforesaid, specifically her continuing limitations, the pain that she still experiences on a daily basis and her inability to travel and work as she did before this accident, Lisa Miller has significant concerns about what her future will hold and the extent that these injuries may result in an impairment of her future earning capacity, for which she is entitled to recover.

32.    As a further result of the aforesaid, Lisa Miller has also sustained other financial damages and losses, for which she now seeks recovery.

33.    On behalf of Lisa Miller, a demand was submitted to defendant for the uninsured motorist policy limits of $250,000 available under the insurance policy issued by the defendant.

-6-

Case ID: 221102016

11/28/2022

34.    In spite of the significant harms and losses sustained by Lisa Miller the defendant State Farm has not yet offered the full policy limits available under the insurance policy set forth above.

35.    The plaintiff has fully complied with all of the terms, provisions, conditions and duties required under the aforesaid policy.

36.    It has been more than 30 days after the plaintiffs provided the defendant with notice of the aforesaid accident and loss.

37.    State Farm Automobile Insurance Company owes to the insureds under the above policy a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate this uninsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

38.    For the reasons set forth above, defendant State Farm has violated its obligations under the Policy.

39.    In addition to the insurance coverage provided to Lisa Miller under the automobile insurance policy referenced above, Lisa Miller may also be entitled to additional benefits under a personal umbrella policy purchased from State Farm, policy number 20-GX-5073-0, and a claim is herewith being asserted under that policy as well.

**WHEREFORE**, plaintiff Lisa Miller demands judgment from the defendant in an amount in excess of the jurisdictional limits for Compulsory Arbitration in the First Judicial District of Pennsylvania.

## SECOND COUNT
### R. CHRISTOPHER MILLER VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

40.    Plaintiff R. Christopher Miller incorporates herein by reference the averments contained in the above paragraphs as though the same were herein set forth in full.

41.    At all times relevant hereto, plaintiff R. Christopher Miller was and is the husband of plaintiff Lisa Miller.

-7-

Case ID: 221102016

11/28/2022

42.    Solely as a result of the injuries sustained by his spouse, plaintiff R. Christopher Miller sustained a loss of the society, comfort, companionship and services of his wife.

43.    Plaintiff R. Christopher Miller sustained harms and losses for loss of consortium and he asserts a claim herein for said damages arising out of the motor vehicle accident in which his wife was physically injured on January 8, 2020.

WHEREFORE, plaintiff Lisa Miller and R. Christopher Miller demand judgment from the defendant in an amount in excess of the jurisdictional limits for Compulsory Arbitration in the First Judicial District of Pennsylvania.

### THIRD COUNT
### SHANE EAGAR VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

44.    Plaintiff Shane Eagar incorporates herein by reference the averments contained in paragraphs 1 through 23 above as though the same were herein set forth in full.

45.    Pursuant to the language of the State Farm insurance policy purchased by plaintiffs Lisa Miller and R. Christopher Miller, the Uninsured Motor Vehicle Coverage provided by that policy applies as the "primary coverage for an insured who sustains bodily injury while occupying" the vehicle insured under that policy. See "If Other Uninsured Motor Vehicle Coverage Applies" language on page 15 of Exhibit A attached.

46.    Solely as a result of the negligence and carelessness of Jose Figueroa, the uninsured tortfeasor, plaintiff Shane Eagar sustained a herniated lumbar disc at L5-S1 with lumbar radiculopathy, as well as other serious muscular and nerve injuries to his lower extremities caused by the displacement of a lumbar intervertebral disc, and other injuries to various parts of his body as are reflected in the medical records provided to the defendant reflecting the injuries and treatment received by this plaintiff as a result of this crash.

-8-

Case ID: 221102016

11/28/2022

47. The injuries sustained by Shane Eagar have caused him to experience burning, stabbing and shooting pains and paresthesia in his left leg, plus pain and limitations in his left knee and hip, resulting in significant limitations in his ability to function.

48. As a further result of the aforesaid, Shane Eagar has been obliged to receive and undergo medical attention and care and has had to incur various expenses in an attempt to cure said injuries, and he may be forced to continue to incur such expenditures for an indefinite period of time in the future, including the possibility of an operative procedure, in an attempt to allow him to possibly recover from the injuries sustained in this January 8, 2020 motor vehicle crash.

49. In an attempt to alleviate the pain and other symptoms from his injuries, Shane Eagar has undergone two (2) epidural steroid injections and he has endured almost three years of various modalities of therapy in an unsuccessful attempt to repair these problems and get back to his pre-injury medical condition.

50. As a further result of the aforesaid, Shane Eagar suffered a serious impairment of his ability to engage in normal daily activities and a significant limitation in the normal functioning of his body and its physical motions, for which he is entitled to recover.

51. In spite of extensive physical therapy, in person and then at home when interrupted by COVID-19 and then in an athletic club with a personal trainer, Shane Eagar has never fully recovered from the injuries received in this crash.

52. As a further result of the aforesaid, Shane Eagar suffered severe physical pain, mental anguish, humiliation and loss of enjoyment of life, and he may continue to suffer same for an indefinite period of time in the future.

53. As a further result of the aforesaid, specifically his ongoing pain and the limitations that his back injuries will impose on his ability to travel in the future, Shane Eagar has significant concerns about how these issues may impact his future earning capacity should he

-9-

Case ID: 221102016

have to change jobs or how his employment might be impacted in the future by his injuries, for which he is entitled to recover.

54. As a further result of the aforesaid, Shane Eagar has also sustained other financial damages and losses, for which he now seeks recovery.

55. On behalf of Shane Eagar, a demand was submitted to defendant for the uninsured motorist policy limits of $250,000 available under the insurance policy issued by the defendant.

56. In spite of the significant harms and losses sustained by Shane Eagar, the defendant State Farm has not yet offered the full policy limits available under the insurance policy set forth above.

57. The plaintiff Shane Eagar is an "insured" under the language of the State Farm insurance policy applicable for this motor vehicle crash and he has fully complied with all of the terms, provisions, conditions and duties required under the aforesaid policy.

58. It has been more than 30 days after the plaintiffs provided the defendant with notice of the aforesaid accident and loss.

59. State Farm Automobile Insurance Company owes to the insureds under the above policy a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate this uninsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

60. For the reasons set forth above, defendant State Farm has violated its obligations under the Policy.

WHEREFORE, plaintiff Shane Eagar demands judgment from the defendant in an amount in excess of the jurisdictional limits for Compulsory Arbitration in the First Judicial District of Pennsylvania.

LARRIMORE & FARNISH, L.L.P.

Date: 11/11/2022                    By: _____
                                        Dale G. Larrimore
                                        Attorney for Plaintiffs

-10-

Case ID: 221102016

11/28/2022

## VERIFICATION

Plaintiff LISA MILLER verifies that the statements made in the foregoing **Civil Action Complaint** are true and correct to the best of her knowledge, information and belief.

Plaintiff understands that any false statements made herein are subject to the penalties provided by law in 18 P.S. Section 4904, relating to unsworn falsification to authorities.

*Lisa A Miller*

LISA MILLER

DATE: 11/11/2022

Case ID: 221102016

11/28/2022

## VERIFICATION

Plaintiff **SHANE EAGAR** verifies that the statements made in the foregoing **Civil Action Complaint** are true and correct to the best of her knowledge, information and belief.

Plaintiff understands that any false statements made herein are subject to the penalties provided by law in 18 P.S. Section 4904, relating to unsworn falsification to authorities.

**SHANE EAGAR**

DATE: 11/13/2022

Case ID: 221102016



Filed and Attested by the Office of Judicial Records
21 NOV 2022 11:20 am
E. HAURIN

11/28/2022

# EXHIBIT "A"

Case ID: 221102016

State Farm Mutual Automobile Insurance Company
PO Box 89000
Atlanta GA 30356-9900

AT2                    P-9C32        A
MILLER, R CHRISTOPHER & LISA S
PO BOX 1367
MIDDLETOWN MD 21769-1367

**&State Farm**

## AUTO RENEWAL

**PREMIUM PAID: $512.33**
**DO NOT PAY.**
*Your premium is billed through the State Farm Payment Plan*
State Farm Payment Plan Number: 1035973621

**Your State Farm Agent**
KATHY SCHULTZE
Office: 301-694-6711
Address: 100 TUSCANNY DR UNIT E
        FREDERICK, MD 21702-5958
*If you have a new or different car, have added any drivers, or have moved, please contact your agent.*

**Thank you for choosing State Farm.**

**Policy Number: 402 2228-E04-20**
Policy Period: November 4, 2019 to May 4, 2020

**Vehicle:**
2019 TESLA MODEL 3

**Principal Driver:**
LISA S MILLER

We will consider your claims history, if any, for purposes of determining whether to cancel or refuse to renew your policy.
**Location used to determine rate charged-8435 MYERSVILLE RD, MIDDLETOWN MD  21769-8620.**
When you provide a check as payment, you authorize us either to use information from your check to make a

one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Policy Number: 402 2228-E04-20
Prepared September 19, 2019
1004583

Page number 1 of 4

143562 202 01-15-2018



# It's What You Know.

Your auto insurance premium is **$512.33**.

Did you know you may qualify for a discount?
Call State Farm® Agent KATHY SCHULTZE at 301-694-6711 to see how much you can save!

*Not all discounts are available in every state, and discount amounts may vary by state.*

Case ID: 221102016

11/28/2022

11/28/2022

**&StateFarm**

## VEHICLE INFORMATION

**Review your policy information carefully.** If anything is incorrect, or if there are any changes to your vehicle information, please let us know right away.

| Vehicle Description | Vehicle Identification Number (VIN) | Who principally drives this vehicle? | How is this vehicle normally used? |
|---|---|---|---|
| 2019 TESLA MODEL 3 | 5YJ3E1EB1KF237681 | LISA MILLER, a married female, who will be age 58 as of November 04, 2019. | To Work, School or Pleasure. |

### Other Household Vehicle(s)

Your premium may be influenced by other State Farm policies that currently insure the following vehicle(s) in your household:

2008 BMW 335XI
2009 FORD F150
2018 TESLA MODEL S
2014 JEEP WRANGLER

The premium for this renewal was determined using an annual mileage this vehicle is expected to be driven that was developed from information we obtained or was provided by you. The national average is more than 12,000 miles driven annually according to the U.S. Department of Transportation. Please contact us if you expect your annual mileage to change over the next year.

**Premium Adjustment**

Each year, we review our medical payments and personal injury protection coverages claim experience to determine the vehicle safety discount that is applied to each make and model. In addition, we review the comprehensive, collision, bodily injury and property damage claim experience annually to determine which makes and models have earned decreases or increases from State Farm's standard rates. If any changes result from our reviews, adjustments are reflected in the rates shown on this renewal notice.

## DRIVER INFORMATION

### Assigned Driver(s)

The following driver(s) are assigned to the vehicle(s) on this policy.

| Name | Age as of November 4, 2019 | Gender | Marital Status |
|---|---|---|---|
| LISA S MILLER | 58 | Female | Married |

### Other Household Driver(s)

In addition to the Principal Driver(s) and Assigned Driver(s), your premium may be influenced by the drivers shown below and other individuals permitted to drive your vehicle. This list does not extend or expand coverage beyond that contained in this automobile policy. The drivers listed below are the drivers reported to us that most frequently drive other vehicles in your household.

R C MILLER
RACHELLE J MILLER

Policy Number: 402 2228-E04-20
Prepared September 19, 2019

Page number 2 of 4

Case ID: 221102016

 **StateFarm**

11/28/2022

**Principal Driver & Assigned Drivers**
For each automobile, the **Principal Driver** is the individual who most frequently drives it.
Each driver is designated as an **Assigned Driver** on the household automobile that they most frequently drive. Your

premium may be influenced by the information shown for these drivers.

**IMPORTANT NOTICE REGARDING YOUR PREMIUM**

State Farm works hard to offer you the best combination of price, service, and protection. The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once per policy period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

**COVERAGE AND LIMITS** *See your policy for an explanation of these coverages.*

| | | |
|---|---|---|
| A | Liability | |
| | Bodily Injury 250,000/500,000 | |
| | Property Damage 100,000 | $153.32 |
| P1 | No-Fault 2,500 | $15.07 |
| D | 50 Deductible Comprehensive | $67.75 |
| G | 500 Deductible Collision | $229.74 |
| H | Emergency Road Service | $4.66 |
| U | Uninsured Motor Vehicle | |
| | Bodily Injury 250,000/500,000 | |
| | Property Damage 100,000 | $41.79 |
| **Total Premium** | | **$512.33** |

The claim experience on your make and model of vehicle has resulted in a reduction to your vehicle rating group for comprehensive coverage.

The claim experience on your make and model of vehicle has resulted in a reduction to your vehicle rating group for collision coverage.

If any coverage you carry is changed to give broader protection with no additional premium charge, we will give you the broader protection without issuing a new policy, starting on the date we adopt the broader protection.

**DISCOUNTS** *These adjustments have already been applied to your premium.*

| | |
|---|---|
| Multiple Line | ✓ |
| Multicar | ✓ |
| Vehicle Safety | ✓ |
| Good Driving | ✓ |
| Annual Mileage | ✓ |
| **Total Discounts** | **$340.34** |

Policy Number: 402 2228-E04-20
Prepared September 19, 2019

Page number 3 of 4

Case ID: 221102016

11/28/2022



& State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

Maryland
Policy Form 9820A

Case ID: 221102016

11/28/2022

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. *us*; and
   b. any of *our* agents.
3. *We* agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of *your car*.
      (2) Neither *you* nor any member of *your* household has, within the past three years, had either:
         (a) a license to drive; or

      (b) a vehicle registration suspended, revoked, or refused.
      (3) *Your car* is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. *we* provide this insurance on the basis those statements are true.
5. *Your* purchase of this policy may allow:
   a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies*, subject to their applicable eligibility rules; or
   b. the premium or price for other products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the *State Farm Companies* or by an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a *person* and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

3
9820A

Case ID: 221102016

11/28/2022

(1) *occupying your car*;

(2) struck as a *pedestrian* by *your car*; and

(3) *occupying* a *replacement vehicle* if the auto repairer, dealer, or owner of the *car* requires the *insured* to sign an agreement that conforms to Maryland law and informs the *insured* that coverage provided by the owner of the loaned or rented *replacement vehicle* is secondary.

b.  If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides No-Fault Coverage which applies to the accident as primary coverage; and

(2) no-fault coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other no-fault coverage that apply as primary coverage.

c.  If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides No-Fault Coverage which applies to the accident as primary coverage; and

(2) no-fault coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all

other no-fault coverage that apply as primary coverage.

3.  Except as provided in 2. above, the No-Fault Coverage provided by this policy applies as excess coverage, but only in the amount by which it exceeds all primary coverage.

a.  If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides No-Fault Coverage which applies to the accident as excess coverage; and

(2) no-fault coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other no-fault coverage that apply as excess coverage.

b.  If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides No-Fault Coverage which applies to the accident as excess coverage; and

(2) no-fault coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other no-fault coverage that apply as excess coverage.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1.  *you*;

2.  *resident relatives*;

3.  any other *person* while *occupying*:

a.  *your car*;

12
9820A

Case ID: 221102016

11/28/2022

b. a *newly acquired car*, or

c. a *temporary substitute car*.

Such vehicle must be used within the scope of *your* consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Property Damage* means damage to or destruction of:

1. *your car* or a *newly acquired car*; and

2. property *owned by* an *insured* while contained in *your car* or a *newly acquired car*.

*Uninsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is not insured or bonded for bodily injury and property damage liability at the time of the accident;

2. the owner and driver of which remain unknown and was the proximate cause of the:

   a. *bodily injury* to the *insured*; or

   b. *property damage*;

3. the ownership, maintenance, and use of which is either insured or bonded for bodily injury and property damage liability at the time of the accident or self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law, but:

   a. the limits are less than required by the financial responsibility act of Maryland;

   b. the insuring company:

      (1) denies that its policy provides liability coverage for compensatory damages that result from the accident; or

      (2) is or becomes insolvent; or

   c. the total liability coverage limits of insurance, bonds, and self-insurance from all sources:

      (1) are less than the Uninsured Motor Vehicle Coverage limits of this policy; or

      (2) have been reduced by payments to other *persons* to less than the Uninsured Motor Vehicle Coverage limits of this policy.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you*;

3. designed for use primarily off public roads except while on public roads; or

4. while located for use as a dwelling or other premises.

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* and *property damage* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured*. The *bodily injury* and *property damage* must be caused by an accident arising out of the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

*We* will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's bodily injury* have been used up by payment of judgments or settlements, or have been offered to the *Insured* in writing.

**Consent to Settlement**

1. The *insured* must send *us*, by certified mail, a copy of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the *uninsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

2. If within 60 days after the date *we* receive the settlement offer *we*:

   a. either consent in writing or fail to provide a written response to the *insured's* request to accept the settlement offer; then

      (1) the *insured* may settle with the party liable for the damages without losing the right to make an Uninsured Motor Vehicle Coverage claim under this policy; and

      (2) *we* waive *our* right to recover *our* payments from the liable party; or

   b. send the *insured* a written refusal to accept the settlement offer, then *we* will pay the *insured* the amount of the settlement offer within 30 days after the written refusal is sent. This payment shall preserve *our* subrogation rights against the liability insurer and it's insured. Receipt by the insured of the payment shall constitute the assignment, up to the amount of the payment, of any recovery on behalf of the insured that is subsequently paid from the applicable liability insurance policies, bonds, and securities.

3. Except as provided in items 1. and 2. above, the *insured* shall not settle with any *person* or organization who may be liable for the damages without *our* written consent.

13
9820A

Case ID: 221102016

11/28/2022

**Consent to Be Bound**

1.  Any judgment for damages arising out of a lawsuit brought without *our* written consent is not binding on *us* unless *we*:

    a.  receive reasonable notice of the pendency of the lawsuit resulting in the judgment; and

    b.  have a reasonable opportunity to protect *our* interest in the lawsuit.

2.  Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1.  Bodily Injury

    The Uninsured Motor Vehicle Coverage limits for *bodily injury* are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

    a.  The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

        (1) the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*; or

        (2) the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

    b.  Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident".

2.  Property Damage

    The Uninsured Motor Vehicle Coverage limit for *property damage* is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". This limit is the most *we* will pay for all *property damage* resulting from any one accident.

3.  These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

    a.  *insureds*;

    b.  claims made;

    c.  vehicles insured; or

    d.  vehicles involved in the accident.

**Nonduplication**

*We* will not pay under Uninsured Motor Vehicle Coverage any damages:

1.  that have already been paid to or for the *insured*:

    a.  by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*;

    b.  for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

    c.  under any workers' compensation law, disability benefits law, or similar law; or

2.  that are *property damage* and could have been paid or could be paid to or for the *insured*:

    a.  by or on behalf of any *person* or organization who is or may be held legally liable for the *property damage*;

    b.  under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

    c.  under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1.  FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE DAMAGES. This exclusion does not apply to a *bodily injury* settlement if we fail to respond to a written request to settle as described in the Consent to Settlement provision;

2.  FOR:

    a.  *YOU* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*; OR

    b.  A *RESIDENT RELATIVE*:

        (1) WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*; OR

14
9820A

Case ID: 221102016

11/28/2022

(2) THROUGH BEING STRUCK BY A MOTOR VEHICLE **OWNED BY** ANY **RESIDENT RELATIVE**.

3. FOR AN **INSURED** WHOSE **BODILY IN-JURY** RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW;

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR

   d. ANY PROPERTY INSURER;

5. FOR AN **INSURED** WHOSE **BODILY IN-JURY** RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

6. FOR PUNITIVE OR EXEMPLARY DAMAGES;

7. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

8. FOR THE FIRST $250 OF **PROPERTY DAMAGE** RESULTING FROM ONE ACCIDENT.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by the **State Farm Companies** apply to the same **bodily injury**, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined:

     (1) on a primary basis is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment; and

     (2) on an excess basis is the amount by which the single highest applicable limit provided by any one of the policies exceeds all primary coverage. **We** may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an **insured** who sustains **bodily injury** while **occupying your car**.

   a. If:

     (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

     (2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

   then **we** will pay the proportion of damages payable as primary that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

     (1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

     (2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

   then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage, but only in the amount by which it exceeds all primary coverage.

   a. If:

     (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides

15
9820A

Case ID: 221102016

11/28/2022

Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other

than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*;

6. a *non-owned trailer* while it is being used by an *insured*; and

7. a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily Rental Charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the value of any *covered vehicle* after it has

16
9820A

Case ID: 221102016

11/28/2022

a. WAR OF ANY KIND;

b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c. THE DISCHARGE OF A FIREARM;

d. EXPOSURE TO *FUNGI*;

e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE *INSURED* WAS SANE OR INSANE; OR

f. DISEASE except pus-forming infection due to *bodily injury* sustained in the accident.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us*:

   a. *your* name;

   b. the names and addresses of all *persons* involved in the accident or *loss*;

   c. the hour, date, place, and facts of the accident or *loss*; and

   d. the names and addresses of witnesses to the accident or *loss*.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

   b. If a *lawsuit* is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The *insured* must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each *insured*;

   b. No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage, each *insured*, or any other *person* or organization making claim or seeking payment; and

   c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

   must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a *loss, you* or the owner of the *covered vehicle* must:

24
9820A

Case ID: 221102016

11/28/2022

a.  protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b.  make a prompt report to the police when the *loss* is the result of theft;

c.  allow *us* to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the *covered vehicle* at *our* expense in order to conduct such inspection or testing;

d.  provide *us* all:

(1) records;

(2) receipts; and

(3) invoices

that *we* request and allow *us* to make copies; and

e.  not abandon the *covered vehicle* to *us*.

6.  **Other Duties Under No-Fault Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A *person* making claim under:

a.  No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:

(1) notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

(2) be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

(3) provide written authorization for *us* to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information. If an *insured* is making a claim for loss of income under No-Fault Coverage, then *we* may obtain such information

up to one year prior to the date of the accident; and

(d) any other information *we* deem necessary to substantiate the claim.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

(4) allow *us* to inspect the vehicle that the *insured occupied* in the accident;

b.  No-Fault Coverage must make the first claim for benefits within one year from the date of the accident;

c.  Uninsured Motor Vehicle Coverage must:

(1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours or as soon thereafter as practical and to *us* within 30 days;

(2) promptly notify *us* if a lawsuit is filed and send *us* immediately a copy of all lawsuit papers; and

(3) if making a claim for damage to property,

(a) protect the damaged property from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

(b) allow *us* to:

(i) inspect any damaged property before its repair or disposal;

(ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the damaged property at *our* expense in order to conduct such inspection or testing;

(c) provide *us* all:

(i) records;

(ii) receipts;

(iii) invoices; and

(iv) information that *we* request regarding ownership value, liens, and insurance on the

25
9820A

Case ID: 221102016

11/28/2022

property or any other information necessary to settle the claim of the damaged property;

(d) not abandon the damaged property to *us*.

that *we* request and allow *us* to make copies; and

## GENERAL TERMS

### 1. When Coverage Applies

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

### 2. Where Coverage Applies

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

### 3. Limited Coverage in Mexico

This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages. Collision Coverage applies anywhere in Mexico.

a. Liability Coverage

For claims brought against an *insured* in Mexico, the Supplementary Payments provision of this policy's Liability Coverage is changed to read:

*We* may, in addition to the damages described in item 1 of the Insuring Agreement

of this policy's Liability Coverage, pay or reimburse, at *our* option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an *insured* must be reported to *us* before *we* will make payment.

b. Physical Damage Coverages

Any amount payable for the repair or replacement of the *covered vehicle* under the Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage provision of this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

*WE* HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

*WE* HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF MARYLAND IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this Limited Coverage in Mexico provision of this policy apply.

If Other Coverage Applies

Any coverage provided by this Limited Coverage in Mexico provision is excess over any other applicable insurance.

Legal Action Against Us

Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state of Maryland in the United States of America.

### 4. Newly Owned or Newly Leased Car

If *you* want to insure a *car* newly *owned by you* with the *State Farm Companies* after that *car* ceases to be a *newly acquired car*, then *you* must either:

26
9820A

Case ID: 221102016

11/28/2022

a. request *we* replace the *car* currently shown on the Declarations Page of this policy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

(1) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

(2) after the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date; or

b. apply to the *State Farm Companies* for a separate policy to insure the *car* newly *owned by you*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

5. **Changes to This Policy**

a. **Changes in Policy Provisions**

*We* may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Maryland without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

b. **Change of Interest**

(1) No change of interest in this policy is effective unless *we* consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

(a) any *person* with lawful custody of *your car*, a *newly acquired car*, or

a *temporary substitute car* until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

Policy notice requirements are met by mailing the notice to the most recent policy address that *we* have on record for the deceased named insured.

c. **Joint and Individual Interests**

If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

*We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

(1) *you*; or

(2) the United States Postal Service.

6. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the *State Farm Companies* with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the *State Farm Companies*;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

(3) an agreement, concerning the insurance provided by this policy, that the

27
9820A

Case ID: 221102016

11/28/2022

*State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

d.  The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

    (1)  *Your car*, or its use, including annual mileage;

    (2)  The *persons* who regularly drive *your car*, including newly licensed family members;

    (3)  *Your* marital status; or

    (4)  The location where *your car* is primarily garaged.

    If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

7.  **Renewal**

    *We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

8.  **Nonrenewal**

    If *we* decide not to renew this policy, then, at least 45 days before the end of the current policy period, *we* will mail a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

9.  **Cancellation**

    a.  **How You May Cancel**

        *You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

    b.  **How and When We May Cancel**

        *We* may cancel this policy by mailing a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

        (1)  If *we* mail a cancellation notice:

            (a)  because the premium is not paid when due, then the date cancellation is effective will be at least 10 days after the date *we* mail the cancellation notice; or

            (b)  during the first 45 days of the binder or policy's effective date, then the date cancellation is effective will be at least 15 days after the date *we* mail the cancellation notice.

            Otherwise, the date cancellation is effective will be at least 45 days after the date *we* mail the cancellation notice.

        (2)  After this policy has been in force for more than 45 days, *we* will not cancel this policy before the end of the current policy period unless:

            (a)  the premium is not paid when due;

            (b)  the named insured who is shown on the Declarations Page or a covered driver under this policy has had his or her driver's license or motor vehicle registration suspended or revoked for reasons relating to his or her driving record;

            (c)  there has been a material misrepresentation or fraud in connection with the application, policy, or presentation of a claim;

            (d)  there is a matter or issue related to the risk that constitutes a threat to public safety; or

            (e)  there is a change in the condition of the risk that results in an increase in the hazard insured against.

    c.  **Return of Premium**

        (1)  Premium will be returned on a short rate basis if *you* cancel this policy during the first policy period, unless (2)(b) below applies. Premium returned on a short rate basis will be equal to:

28
9820A

11/28/2022

(a) a pro rata return of premium using the number of days that were remaining in the policy period compared to the number of days that were in the full policy period; minus

(b) up to 11% of the premium for the full policy period.

(2) Premium will be returned on a pro rata basis using the number of days that were remaining in the current policy period compared to the number of days that were in the full, current policy period if:

(a) *you* cancel this policy after the first policy period;

(b) one or more of the following exceptions to return of premium on a short rate basis described in (1) above applies:

i. The named insured who is shown on the Declarations Page continues to be the named insured on another car policy with *us*;

ii. *Your car* is stolen, destroyed, junked, or sold;

iii. This policy is replaced by another policy issued by *us* that covers the same vehicle described as *your car* under this policy;

iv. The cancellation is due to the death of a named insured who is shown on the Declarations Page; or

(c) *we* cancel this policy.

(3) Premium may be returned within a reasonable time after cancellation. Delay in the return of any premium does not affect the cancellation date.

10. **Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

11. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

12. **Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

This provision does not apply to Liability Coverage unless the *person* making claim under that coverage colludes with *you* or any other *person* insured under that coverage in making false statements as described above.

13. **Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and No-Fault Coverage payments are not recoverable by *us*. Under all other coverages, the following apply:

a. **Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* or organization to or for whom *we* make payment must help *us* recover *our* payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents *we* may need to assert that legal right; and

(3) taking legal action through *our* representatives when *we* ask.

b. **Reimbursement**

If *we* make payment under this policy and the *person* or organization to or for whom *we* make payment recovers or has recovered from another *person* or organization, then the *person* or organization to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

14. **Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against *us* regarding:

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and *us*.

29
9820A

Case ID: 221102016

11/28/2022

b. No-Fault Coverage, Uninsured Motor Vehicle Coverage, Physical Damage Coverage, and Death, Dismemberment and Loss of Sight Coverage, until 30 days after *we* get the *insured's* notice of accident or *loss*.

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Maryland will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

30
9820A

Case ID: 221102016



11/28/2022

Filed and Attested by the
Office of Judicial Records
21 NOV 2022 11:20 am
E. HAURIN

# EXHIBIT "B"

Case ID: 221102016



Case ID: 221102016





11/28/2022

Case ID: 221102016





11/28/2022

Case ID: 221102016



11/28/2022

Filed and Attested by the
Office of Judicial Records
21 NOV 2022 11:20 am
E. HAURIN

# EXHIBIT "C"

Case ID: 221102016

11/28/2022

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm®**

January 28, 2020

Larrimore & Farnish, L.L.P.
Ste 404
1800 John F Kennedy Blvd
Philadelphia PA  19103-7405

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE:    Claim Number:        38-C644-2H9
       Date of Loss:        January 8, 2020
       Our Insured:         Jose Figueroa (Your Client:  Lisa Miller)
       Place of Incident:   Independence Mall & 6th Street
       Policy Number(s):    3410-979-38

To Whom It May Concern:

We have completed our investigation as to whether Policy Number 3410-979-38 applies to the incident that occurred on January 8, 2020 and must inform you we deny any and all coverage. This is as a result of the policy for the 2015 Acura TLX being out of force on the date of the accident.

If you have new information pertaining to your claim that you would like us to consider, or if you have any questions, please contact us.

Sincerely,

Brandon Strittmatter
Claim Specialist

(740) 364-5475

State Farm Mutual Automobile Insurance Company

Case ID: 221102016